**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                 No. CIV-05-1237 LH/RHS
                                                                              CR-05-488 LH

JUAN MORENO-MARTINEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court for preliminary consideration of Defendant's motion for review pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 19) filed November 25, 2005. *See* 28 U.S.C.A. § 2255 R. 4(b) (West Cum. Supp. 2005). Defendant claims that his sentence is illegal, partly because he received ineffective assistance of counsel in his sentencing proceeding. In his plea agreement Defendant waived collateral attack under § 2255, "except on the issue of ineffective assistance of counsel." The motion will be dismissed.

       Defendant entered into a plea agreement on charges of reentry of a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C.A. § 1326(a)(1)-(2), (b)(2) (West 1999). The parties stipulated to an offense level of 19 under the United States Sentencing Guidelines ("U.S.S.G."), *see* Fed. R. Crim. P. 11(c)(1)(C), based partly on Defendant's prior conviction for transporting illegal aliens. The Court imposed sentence on June 28, 2005. Defendant now contends that the Court improperly characterized the prior conviction as an alien smuggling offense under the U.S.S.G. §

2L1.2(b)(1)(A)(vii) (2004), increasing his offense level by 16 points. He argues that his offense level should have been increased by only 8 points for an aggravated felony under § 2L1.2(b)(1)(C). Defendant also alleges his attorney failed to argue for the lower offense level.

Defendant's underlying claim is without merit. Whether as a result of negotiation or judicial determination, Defendant's offense level was properly calculated. As Defendant concedes, the Guidelines specify a 16-point increase for a prior conviction for "an alien smuggling offense," *see* § 2L1.2(b)(1)(C)(vii), and "alien smuggling" includes transporting an alien within the United States, *see* § 2L1.2(b)(1)(C)(vii) (Application Note 1(B)(i)); 8 U.S.C.A. §§ 1101(a)(43)(N), 1324 (a)(1) (A)(ii) (West 1999). Contrary to Defendant's argument, the term of a sentence for an alien-smuggling conviction is not a factor in calculating a subsequent sentence for illegal reentry. *See* § 2L1.2(b)(1)(C)(vii). His prior conviction for transporting illegal aliens adequately supported a 16-point increase in the offense level of his current conviction under § 1326 for illegal reentry.

Because Defendant's motion makes no showing of illegal sentence, his allegations do not support a claim of ineffective assistance of counsel. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 697 (1984)). Here, "[a]s there was no error in the imposition of the sentence and the determination of credits, [Defendant] has made no showing of prejudice due to the alleged ineffective assistance of his counsel." *United States v. Tackles*, No. 02-8114, 2003 WL 1849350, at **2 (10th Cir. Apr. 10,

2003). Defendant was not prejudiced by his attorney's representation, and the § 2255 motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion for review pursuant to 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 19) filed November 25, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

s/Electronically Signed
SENIOR UNITED STATES DISTRICT JUDGE
